## ALDEN R. BELLATTY *vs.* THOMASTON M. F. INS. CO.

*Misrepersentation—what is, is a question for the jury.*

A misrepresentation as to the title of the property insured does not necessarily avoid the policy.

Whether or not it is material and fraudulent is to be submitted to the jury.

ON REPORT.

This suit was brought upon a policy of insurance upon the house and furniture of the plaintiff, issued by the defendant company to the plaintiff February 5, 1867. The property insured was burned on the night of September 1, 1868. Mr. Bellatty showed title to the house by deed, dated April 12, 1858, to him from his father-in-law, Edward Beal. It appeared that the consideration of this conveyance was an agreement that Bellatty should maintain said Edward Beal and his wife, Jane Beal, during their natural lives; and that Bellatty on the same day that he took the title gave a bond of even date for the maintenance of his wife's parents, secured by a mortgage of these same premises. In 1862 Edward Beal died; in 1865 Mr. Bellatty's wife died, and in 1867 Mrs. Jane Beal went to live with her daughter, Mrs. Sutton, and in the spring of 1868 it was arranged that she should remain with Mrs. Sutton. In consideration of the payment of a specified sum she released and discharged the bond and mortgage aforesaid June 25, 1868.

In answer to a question on this point the plaintiff had stated, in his application for insurance, that there was no incumbrance upon the property, and that it was owned by him.

The proof of loss was filed with the company September 30, 1868, and was prepared from a memorandum made up by the plaintiff on the day following the fire. He testified that he recollected afterwards, and before making his proof of loss, that he had put down some things as lost which were saved and had affixed too high a value to others, but that he did not have these errors cor-

rected before subscribing and swearing to the proof and filing the same. Thereupon the presiding justice ruled that the action could not be maintained; it was then agreed to report the testimony and if this court were of the same opinion the plaintiff was to be non-suit; but if he was entitled to have the case go to the jury upon these facts the action was to stand for trial.

*Hale & Emery*, for plaintiff.

The presiding judge stopped the case on two points, viz: 1. On the misstatement of title and as to incumbrance in the application; and 2. On the erroneous statements in the proof of loss.

Both questions were for the jury. R. S., c. 49, § 19; *Garcelon* v. *Hampden Ins. Co.*, 50 Maine, 580; Littleton and Blatchley's Digest of Fire Ins. Cases, 504 *et seq.*, citing *Tyler* v. *Ætna Ins. Co.*, 12 Wend. 507; *Mut. F. Ins. Co.* v. *Deale*, 18 Md. 26; *Cumb. Valley Co.* v. *Mitchell*, 48 Penn. 374; *Ins. Co.* v. *Chase*, 5 Wall. 509; *Columbia Ins. Co.* v. *Lawrence*, 10 Peters, 507.

Whether or not the false swearing in the proof is material and intentionally false is a question for the jury. Littleton & Blatchley's Fire Ins. Decisions, 280, *et seq.* citing *Moadinger* v. *Mechanics Ins. Co.*, 2 Hall, 490; *Franklin Co.* v. *Culver*, 6 Ind. 137; *Hoffman* v. *Western Ins. Co.*, 1 La. Ann. 216; *Park* v. *Phenix Ins. Co.*, 19 U. C. 110; *Franklin Co.* v. *Updegraff*, 43 Penn. 350; *Marion* v. *Great R. Co.*, 35 Mo. 148; *Moore* v. *Protection Ins. Co.*, 29 Maine, 97; *Dewy* v. *Williams*, 5 Allen, 5; *Carmel* v. *Phenix Ins. Co.*, 59 Maine, 482.

*A Wiswell*, for defendant.

The statement that there was "no incumbrance" on the property was a material misrepresentation, avoiding the policy, whether fraudulently made or not. R. S., c. 49, § 19; *Gould* v. *York Co. Mut Fire Ins Co.*, 47 Maine, 403; *Davenport* v. *N. E. Ins. Co.*, 6 Cush. 340; *Hayward* v. *Same*, 10 Cush. 444; *Draper* v. *Charter Oak. Ins. Co.*, 2 Allen, 569; Flanders on Fire Ins., 278–9, and cases cited; *Lowell* v. *Middlesex Ins. Co.*, 8 Cush. 127; *Pink-*

*ham* v. *Morang*, 40 Maine, 587; *Day* v. *Charter Oak. Ins. Co.*, 51 Maine, 100, and cases there cited; *Wall* v. *Howard Ins. Co.*, 51 Maine, 32.

APPLETON, C. J. The defendant corporation is a mutual fire insurance company. The plaintiff in his application for insurance stated that the estate to be insured was unincumbered when in fact it was incumbered by a mortgage. This statement being false, the presiding judge ruled that the policy was thereby avoided.

It had been repeatedly held, prior to the act of 1862, c. 115, that misrepresentations as to the title of the person insured were material and avoided the policy. *Pinkham* v. *Morang*, 40 Maine, 587; *Battles* v. *York Co. Mut. Ins. Co.*, 41 Maine, 208; *Gould* v. *York Co. M. F. Ins. Co.*, 47 Maine, 403.

By the act of 1862, c. 115, re-enacted in the revision of 1871, c. 49, § 19, it is provided that "any misrepresentation of the title or interest of the insured, in the whole or a part of the property insured, real or personal, unless material and fraudulent," shall not prevent his recovering on his policy to the extent of his insurable interest.

By c. 49, § 21, "The provisions in the foregoing sections relating to the amount of capital stock to be owned by an insurance company, and the division of the same into shares and dividends of profits thereon, and other provisions incidental to the nature of its fund, and such of said provisions as relate to the liability of directors or stockholders in case of a deficiency of capital, and the regulations concerning the business of any such company, contained in sections eight and nine, shall not be construed as applicable to mutual fire insurance companies; but the other preceding and following provisions shall be binding on such companies so far as consistent with their charters."

No inconsistency is shown or alleged to exist between this statute and the charter of the defendant corporation. The provisions of R. S., c. 49, § 19, are expressly made applicable.

Whether the misrepresentation as to title was material or fraud-

ulent was a question to be determined by the jury. So, too, if there was fraud in the proof of loss, it should have been submitted to the jury. Both these questions were withdrawn from their consideration. According to the agreement of the parties the entry must be *Action to stand for trial.*

CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.